IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In re                                                              Case No. 10-33476-WRS
                                                                   Chapter 7
CILESTINE COLEMAN,

      Debtor

## MEMORANDUM DECISION

This case is before the Court on the Debtor's Application for Waiver of the Chapter 7 Filing Fee. The Debtor, Cilestine Coleman, filed her chapter 7 petition on December 28, 2010. (Case No. 10-33476, Doc. 1). On that day, she also requested the waiver of the $299 filing fee under allowable under 28 U.S.C. § 1390(f)(1). (Doc. 2). A hearing was held on Tuesday, February 8, 2011 on the issue of the waiver. For the reasons set out below, the Debtor's Application is DENIED and the debtor is ORDERED to pay the filing fee in installments.

### I. Facts

The Debtor filed for chapter 7 relief on December 28, 2010 and accompanying her petition was her application to waive the chapter 7 filing fee. In her petition, on her Schedule B, she stated she expected an estimated 2010 federal tax refund of $3000. (Doc. 1, pg. 10). The tax refund was primarily to be the result of an earned income tax credit. On her Schedule C, the Debtor claimed $540 of her anticipated tax refund as exempt under Ala. Code § 6-10-6. Id. at 12. The Debtor's Application for Waiver of the Chapter 7 filing fee states that she makes a Total Combined Monthly Income of $1,143.02, (Doc. 2, pg. 1, ln. 2), and her total monthly expenses are $1,233.05, Id. at 1, ln. 6. Her family size is listed as one. Id. at 1, ln. 1. The Debtor's listed liabilities to be discharged are $14,137.30. (Doc. 1, pg. 6-7).

1

Case 10-33476    Doc 17    Filed 02/22/11    Entered 02/22/11 11:59:15    Desc Main
                          Document      Page 1 of 7

On January 7, 2011, the Bankruptcy Administrator ("BA") filed an objection to the Debtor's request to proceed *in forma pauperis* and have her fee waived. (Doc. 11). The BA argues that the application to waive the filing fee should be denied because the Debtor could use the monies from her tax refund to pay the filing fee.

On February 8, 2011, the Debtor amended her schedules so that her Schedule B now reflects her actual 2010 federal tax refund. (Doc. 16, p. 4). According to the amended Schedule B, the Debtor received $6,691.00, $5,036 of which is exempted earned income credit and $1,000 for an exempted additional child tax credit. Her Schedule C also still shows a $540 claimed exemption of the tax refund under Ala. Code § 6-10-6.

At the hearing on February 8, 2011, the Debtor was represented by Mary Connor Pool on the matter regarding fee waiver application. Ms. Pool argued to the Court that the fee should be waived as the Debtor had income less than 150 percent of the income official poverty line, which is the standard under 28 U.S.C. § 1930(f)(1). However, the BA argued that due to the large sum the Debtor received in the form of a tax refund, the Debtor has the funds necessary to pay the filing fee. In response, Ms. Pool, on behalf of the Debtor, argued that the tax refund was exempt and therefore could not be used to pay the filing fee.

## II. Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) ad 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

The Bankruptcy Code explicitly lays out the filing fees to be paid to the clerk of court for the various chapter filings. "For a case commenced under – (A) chapter 7 of title 11, $245 [is to be paid to the clerk of court . . . [t]he clerk of the court may collect only the fees prescribed under this section." 28 U.S.C. §§ 1930(a)(1)(A), (e). In addition to this base filing fee, an

2

administrative fee of $39 is assessed at the time of filing as well as a trustee fee of $15.  29 U.S.C. § 1930(b), App. to 28 U.S.C. § 1930: Bankruptcy Court Miscellaneous Fee Schedule. Thus, the total due upon filing is $299.

Under § 1930(f), the court may waive a debtor's filing fee in a chapter 7 case upon a finding "that such individual has income less than 150 percent of the income official poverty line . . . *and* is unable to pay that fee in installments."  28 U.S.C. § 1930(f)((1) (emphasis added); In re Van Luvender, 2008 WL 4716951, *1 (Bankr. S.D.Fla. 2008) (Stating that there is a two-prong analysis in the Court's determination to waive a filing fee: the income level of the debtor and the debtor's ability pay in installments.); see also Fed. R. Bankr. P. 1006.  A the February 8, 2011 hearing both the BA and the Debtor's counsel agreed that the debtor passes the first prong – the debtor's individual income is less than 150 percent of the income official poverty line and the Court does not dispute that.  The issue lies with the second prong – whether the debtor has the ability to pay the fee in installments, which the debtor must prove they cannot pay by a preponderance of the evidence in order to waive the filing fee.  In re Young, 2010 WL 5476750, *1 (Bankr. S.D.Ga. 2010).

At the February 8 hearing, Debtor's counsel correctly pointed out that public assistance in the form of tax refunds, such as the earned income tax credit and the additional child tax credit, can be exempted from the estate.  See Hamm v. James et al. (In re James), 406 F.3d 1340, 1344 (11th Cir. 2005) ("[Earned income tax credit] payments, which constitute public assistance payments to needy persons, shall not pass to the trustee in the case of a bankruptcy."); Brasher v. McGregor (In re Brasher), 253 B.R. 484, 489 (M.D. Ala. 2000).  The crux of this proceeding is the impact of a tax refund on a debtor's ability to pay the filing fee installments.

3

The Court would like to take note of a few facts first: this chapter 7 was filed on December 28, 2010. (Case No. 10-33476, Doc. 1). The initial petition listed an anticipated tax refund as the result of various exempted tax credits in the amount $3000. Id. at 10. Under the Federal Rules of Bankruptcy Procedure, a debtor may file to pay the filing fee in installments, so long as the payment is received within 120 days of the petition date with a maximum of 4 installments. Fed. R. Bankr. P. 1006(b). One hundred twenty days past the petition date in this case is April 27, 2011. For cause shown, the court may agree to extend the filing fee deadline for installment payments out to 180 days past the petition date, id., which, if granted in this case, would be July 17, 2011. On February 8, 2011, the Debtor's Schedules B and C were amended to reflect that her tax returns had been filed and she was expecting a tax refund in the amount of $6,691.00. (Doc. 16). It is reasonable for this Court to assume that by April 27, 2011 and definitely by July 17, 2011, the Debtor would receive her tax refund.

Now, this Court turns to the issue of the Debtor's ability to pay the filing fee in installments. In determining whether a debtor has the ability to pay the filing fee in installments, the Court must apply the "totality of the circumstances" test, as required under the procedures established by the Judicial Conference of the United States and applied by the courts. JCUS Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, ¶ II.A.5, http://www.uscourts.gov/Federal Courts/Bankruptcy/BankruptcyResources/JCUSinterrimProcedures.aspx (promulgated August 11, 2005); In re Young, 2010 WL 5476750 at *1-*2; In re Van Luvender, 2008 WL 4716951 at *2; In re Robinson, 2006 WL 3498296, *1-*3 (Bankr. S.D.Ga. 2006).

Under the "totality of the circumstances" test, several courts have considered a variety of factors including: payments to an attorney; collateral sources of payment, such as family or

friends; expenses exceeding income on the debtor's schedules or unreasonable expenses; or the existence and value of exempt property that could be used to pay the filing fee.[1]  See In re Young, 2010 WL 5476750 at *2; In re Van Luvender, 2008 WL 4716951 at *2; In re Robinson, 2006 WL 3498296 at *3.  This Court draws its attention to the final factor – the existence and value of exempt property.

When considering a fee waiver and the debtor's ability to pay the filing fee in installments, the Court must look at the debtor's post-petition circumstances and not just the debtor's pre-petition circumstances.  In re Robinson, 2006 WL 3498296 at *3.  The post-petition circumstances are important because the debtor's ability to pay in installments arises from what funds the debtor will have available after filing.  "Each debtor presumably will receive a discharge of all unsecured debts and, as a result, will be granted the fresh start contemplated by the Bankruptcy Code, released from any obligation to pay the claims of pre-petition creditors." Id.  Thus, post-petition the debtor is presumably released from the crippling affects of pre-petition debt and gets the benefit of retaining exempt property.

Here, on the filing date, the Debtor claimed an expected $3000 tax refund with a $540 exemption under Ala. Code § 6-10-6 on her Schedule C.  (Doc. 1, pg. 12).  By the date of the hearing, the Debtor had amended her schedules to show a confirmed tax refund in the amount of $6,691.00.  (Doc. 16, pg. 7).  Of that $6,691 tax refund, by the Court's math, $6,676.00 of that has been claimed as exempt under Ala. Code §§ 6-10-6 and 38-4-8. The Court cannot turn a blind eye to this large lump sum the Debtor is receiving that can be used to pay the filing fee in

---

[1] This Court recognizes that the listed factors are only some of the factors that courts have come to consider when applying the "totality of the circumstances" test under the second prong for determining whether to waive the chapter 7 filing fee and that this list is not exhaustive.

installments. Although it is exempt from being the property of the estate, the large tax refund goes towards the Debtor's future ability post-petition to pay the filing fee in installments.

The Debtor is showing a negative budget from her Schedules I and J of $133.03 and is looking to discharge $14,137.30 of unsecured debt through this bankruptcy. Despite this negative budget, given the large amount of the expected tax refund to the Debtor, this Court finds that the Debtor is able to pay the filing fee in installments.

### III. Conclusion

Taking into consideration the totality of the circumstances, this Court finds that the Debtor has not met her burden of proving by a preponderance of the evidence that she is unable to pay the filing fee in installments. As such, she has not met the burden justifying a waiver of the filing fee for her chapter 7. Thus, the Debtor's Application for Waiver of the Chapter 7 Filing Fee is DENIED and she is ORDERED to pay the fee in installments. Due to the Debtor's position, the Court is extending her installment payment period out to the maximum 180 days from the petition date. The Court will enter a separate order specifying the filing fee installments amounts by way of a separate document.

Done this 22nd day of February, 2011.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Mary Conner Pool, Attorney for Debtor
Teresa R. Jacobs, Bankruptcy Administrator
Susan S. DePaola, Trustee

7